**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Medalist Homes, Inc.,** **Civil No. 01-1454 (DWF/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Amain Homes, Inc., Gregory Comer Walter Donnay; Dale Horbacz; Sherri Horbacz; Jeffrey John Schumacher d/b/a J.J. Schumacher Drafting and Design,**

**Defendants.**

---

Paul E. Lacy, Esq. and Brent E. Routman, Esq., on behalf of Plaintiff.

Robert T. Stich, Esq. and Daniel T. Westerman, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on December 7, 2001, on Plaintiff's Motion to Amend the Complaint (Doc. No. 11).

This Order addresses that Motion.

## I. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT.

### A. Factual Background.

The Complaint in the present case contains claims for: (1) copyright infringement pursuant to 17 U.S.C. § 101 et seq., (2) federal unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125 et seq., and (3) related state law claims of unfair competition. The November

FILED DEC 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2, 2001 Pretrial Scheduling Order provided that all motions which seek to amend the pleadings or add parties must be served by November 1, 2001. Plaintiff filed its Motion to Amend the Complaint on November 1, 2001. Plaintiff seeks: (1) to add a claim of vicarious liability against Defendant Gregory Comer for copyright and trademark infringement, and (2) to add reference to the fact that a copyright has now been issued for the "Cambridge 1474" home design, which Plaintiff alleges Defendants infringed.[1]

**B. Discussion.**

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule, the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if the adverse party would suffer some prejudice if the motion to amend were granted, that prejudice must be balanced against the hardship to the

---

[1]Defendants have stated that they have no objection to an amendment for purposes of adding reference to the newly issued copyright. As a result, the Court will grant Plaintiff's motion with respect to that claim, and the rest of this Order will be dedicated to the issue of adding the vicarious liability claim against Gregory Comer.

moving party if the motion were denied. Id.

The Eight Circuit has held that "[a]lthough amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). In particular, leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 393-94 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder, 644 F.2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

Plaintiff states that it timely brought its motion, and that there is legal authority for the claim it seeks to add. Plaintiff explains that Defendant Comer supervised and authorized the construction of the allegedly infringing home. Further, Plaintiff states, as Chief Executive Officer of Amain Homes, Defendant Comer had an obvious and direct financial interest in exploiting the copyrighted materials. Plaintiff asserts that similar facts gave rise to personal and vicarious liability in Pinkham v. Sara Lee Corp., 983 F.2d 824 (8th Cir. 1992).

Defendants contend that the claim Plaintiff proposes to add is frivolous, and consequently, the Court should deny its motion. Defendants argue that while a corporation may be held vicariously liable for the tortious acts of its employees, there is no relevant authority for the inverse claim that an individual may be held vicariously liable for the acts of a corporation. Defendants state that "what plaintiff really seeks to do is pierce the corporate veil of Amain

Homes, Inc. in order to hold Comer personally liable for Amain's corporate obligations." However, Defendants explain, Plaintiff has not alleged facts to support disregarding the corporate entity of Amain Homes in this case. As a result, Defendants conclude that the claim Plaintiff seeks to add is futile, and the Court should deny the motion.

The Court grants Plaintiff's motion. Plaintiff has timely brought its motion, and the claim it seeks to add is not frivolous. Therefore, Plaintiff is entitled to the Eighth Circuit's liberal standards for amending the Complaint. Pinkham provides sound authority for Plaintiff's claim of vicarious liability. In that case, the Eighth Circuit clearly stated, "[i]n this circuit, we have also spelled out the elements of 'vicarious liability': (1) [t]he right and ability to supervise the infringing activity: and (2) [a]n obvious and direct financial interest in exploitation of copyrighted materials.'" 983 F.2d at 834 quoting RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co., 845 F.2d 773, 781 (8th Cir. 1988). Whether or not Plaintiff is ultimately able to succeed on this claim, the language in Pinkham is clear, and the facts are sufficiently similar to those in the present case for the Court to conclude that Plaintiff's claim is not frivolous. As a result the Court grants Plaintiff's motion.

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiff's Motion to Amend the Complaint (Doc. No. 11) is **GRANTED**.

Dated: December 11, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge